## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| PHILIPS MEDICAL SYSTEMS (CLEVELAND), INC., *et al.*, | ) ) ) | No. 19 CV 2648 |
| Plaintiffs, | ) ) | |
| v. | ) ) | Magistrate Judge Young B. Kim |
| JOSE BUAN, *et al.*, | ) ) | |
| Defendants. | ) ) | January 11, 2021 |

### MEMORANDUM OPINION and ORDER

Before the court is Defendants Kunshan Yiyuan Medical Technology Co., Ltd.'s ("Yiyuan") and Kunshan GuoLi Electronic Technology Co., Ltd.'s ("GuoLi") (together "the Overseas Defendants") motion to exclude 47 of 74 exhibits attached to Plaintiffs' combined response in opposition to Defendants' motions to dismiss. For the following reasons, Defendants' motion is denied:

### Background

This trade secrets case involves an x-ray tube, which is a medical imaging product. Plaintiffs Philips Medical Systems (Cleveland), Inc. and Philips Medical Systems DMC, GmbH are related business entities that for a time developed and manufactured their x-ray tube products at a facility in Aurora, Illinois (the "Aurora Facility"). (R. 92, 2d Amend. Compl. ¶¶ 1-3, 25.) Defendants Jose Buan ("Buan") and Sherman Jen ("Jen") worked for Plaintiffs at the Aurora Facility. (Id. ¶¶ 25-26, 44.) But in December 2019 they left Plaintiffs' employment, took jobs with then newly formed company Defendant GL Leading Technologies, Inc. ("GL Leading"),

and allegedly used the information they gained from their employment with Plaintiffs to reverse engineer x-ray tube products for GL Leading's benefit. (Id. ¶¶ 98, 100-01.) Buan, Jen, and GL Leading are collectively referred to herein as "the Illinois Defendants."

According to Plaintiffs, GuoLi orchestrated the formation of GL Leading and, through its subsidiary Yiyuan, continues to control GL Leading's operations, including its x-ray tube business. (Id. ¶¶ 75-103.) Overseas Defendants have their principal place of business in Jiangsu Province, China. (Id. ¶¶ 7, 9.) GL Leading is an Illinois corporation with its principal place of business in Aurora, Illinois. (Id. ¶ 5.)

In May 2020 the Overseas Defendants each filed separate motions to dismiss under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction and Rules 12(b)(4) and 12(b)(5) for insufficient process and service of process. (R. 158, GuoLi's Mot. to Dismiss; R. 161, Yiyuan's Mot. to Dismiss.) In support of their motions, the Overseas Defendants submitted sworn declarations from their respective general managers essentially denying all of Plaintiffs' jurisdictional facts. (R. 158-3, Decl. of Hao Huang; R. 158-4 & R. 161-7, Decl. of Xiaoqin Du; R. 161-3 Decl. of Feng Zhou.) The declarations also state that neither GL Leading nor Jose Frias ("Frias") (GuoLi's purported director of United States operations) has authority to accept service on behalf of GuoLi, (R. 158-3 ¶¶ 6, 15), and that GL Leading also lacks authority to accept service on behalf of Yiyuan, (R. 161-3 ¶¶ 8, 13).

Plaintiffs filed a consolidated response in opposition to Defendants' motions to dismiss, attaching 74 exhibits they claim support the court's exercise of personal jurisdiction over the Overseas Defendants. (R. 194, Pls.' Consol. Resp.) These exhibits consist mainly of discovery materials the Illinois Defendants produced to Plaintiffs and various printouts of webpages. The Overseas Defendants then moved to exclude many of these exhibits, arguing that the court cannot consider them when resolving the motions to dismiss because they include hearsay or are otherwise inadmissible. (R. 209, Overseas Defs.' Mot. to Exclude.)

## Analysis

The Overseas Defendants seek to exclude Plaintiffs' Exhibit Nos. 1-4, 11-13, 15-19, 22, 25, 26, 30-42, 49-51, 54, 57-69, 73, 74.[1] It is well-settled that the court is not cabined to the four corners of the complaint when evaluating a motion to dismiss for lack of personal jurisdiction.[2] *See Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782-83 (7th Cir. 2003); *see also Sungard Data Sys.,*

---

[1] The Overseas Defendants' motion identifies Plaintiffs' Exhibit Nos. 55 and 56, but the motion fails to address these two exhibits. (R. 209, Overseas Defs.' Mot. to Exclude at 1.) As such, the motion is denied as to Nos. 55 and 56. Also, in their reply the Overseas Defendants withdrew their motion as to Nos. 52, 53, and 71. (R. 219, Overseas Defs.' Reply at 8.)

[2] The Overseas Defendants' argument in favor of dismissal for lack of personal jurisdiction is based in part on claims of insufficient process and service of process under Rules 12(b)(4) and 12(b)(5). Because the general legal standards governing a motion brought under Rule 12(b)(2) are the same as the general legal standards governing a motion brought under Rule 12(b)(5) and by extension Rule 12(b)(4), this court does not differentiate between these different rules regarding the evidence that may be considered when evaluating the existence of a *prima facie* showing of personal jurisdiction. *See Pike v. Decatur Mem'l Hosp.*, No. 04 CV 0391, 2005 WL 2100251, at *1 (S.D. Ind. Aug. 26, 2005).

*Inc. v. Cent. Parking Corp.*, 214 F. Supp. 2d 879, 880 (N.D. Ill. 2002) (noting in evaluating Rule 12(b)(2) motion courts "may consider affidavits and other documents outside the pleadings"). In fact, where as here, "the defendant has submitted affidavits and other evidence in opposition to the exercise of jurisdiction, the plaintiff must go beyond the pleadings and submit affirmative evidence supporting the exercise of jurisdiction." *Purdue*, 338 F.3d at 783. Further, when a motion challenging personal jurisdiction is decided without an evidentiary hearing, the plaintiff only needs to set forth a *prima facie* case of personal jurisdiction. *Id.* at 782.

The Overseas Defendants dispute the admissibility of Plaintiffs' personal jurisdiction evidence. Specifically, the Overseas Defendants contend that each of the 47 exhibits at issue includes hearsay, is irrelevant, lacks foundation, and/or has not been authenticated and, therefore, cannot be considered in resolving the pending motions to dismiss. (R. 209, Overseas Defs.' Mot. to Exclude at 2-6.) Plaintiffs respond that each of the challenged exhibits is admissible and, even if the exhibits are not, the Overseas Defendants "opened the door" to the use of the exhibits when they submitted declarations "rife with statements directly contradicted by documentary evidence" the Illinois Defendants have produced in discovery. (R. 218, Pls.' Resp. at 1.) This contradiction calls into question the reliability and credibility of the Overseas Defendants' declared statements in support of their motions to dismiss and, as such, the exhibits do not include hearsay.

The Overseas Defendants' motion to exclude is premised on the notion that Plaintiffs must submit admissible evidence to support a *prima facie* case of personal jurisdiction. But the only opinion from this circuit that the Overseas Defendants cite in favor of this proof standard merely states that jurisdictional facts must be established by "competent evidence," not "admissible evidence." *See United Phosphorus, Ltd. v. Angus Chem. Co.*, No. 94 CV 2078, 1996 WL 14036, at *1 (N.D. Ill. Jan. 11, 1996). And this statement amounts to *dicta* as the court in *United Phosphorus* ultimately declined to rule on the issue of personal jurisdiction. *Id.*; *see In re Repository Techs., Inc.*, 601 F.3d 710, 718 (7th Cir. 2010) (noting language not essential to the outcome of a case is dicta). This court has not otherwise found any case within the Seventh Circuit supporting an "admissible evidence" standard for establishing personal jurisdiction. Therefore, while useful, *United Phosphorus* itself does not require the court to ignore potentially inadmissible evidence at this stage.

The Overseas Defendants' reliance on a Fifth Circuit decision—*Cooper v. McDermott Intern., Inc.*, No. 93-2907, 1995 WL 450209, at *5 (5th Cir. July 6, 1995)—is similarly unpersuasive. The Overseas Defendants cite *Cooper* for the proposition that when faced with an affidavit or declaration that contradicts jurisdictional facts, a plaintiff may not rely on hearsay evidence to establish a *prima facie* case of jurisdiction. *Id.*; *see also Kern v. Jeppesen Sanderson, Inc.*, 867 F. Supp. 525, 535 (S.D. Tex. 1994) (refusing to consider inadmissible hearsay statements in evaluating plaintiffs' personal jurisdiction evidence); *Strong v. RG Indus., Inc.*, 691 F. Supp. 1017, 1018-19 (S.D. Miss. 1998) (same). But *Cooper* was

decided more than 25 years ago, and more recently, district courts in the Fifth Circuit have considered potentially inadmissible or hearsay evidence when evaluating personal jurisdiction, noting that "the general rules of evidence concerning admissibility (*e.g.*, the rule against hearsay etc.) do not apply in the Rule 12(b)(2) context." *Head v. Las Vegas Sands, LLC*, 298 F. Supp. 3d 963, 968 (S.D. Tex. 2018); *see also Cantu v. TitleMax, Inc.*, No. 14 CV 628, 2015 WL 4526987, at *2 (W.D. Tex. July 23, 2015) ("Whether the evidence submitted . . . will ultimately be admissible at trial is not relevant at this stage of the proceedings.") (quotations and citation omitted).

Courts in other circuits have held that the ultimate decision on the admissibility of personal jurisdiction evidence is not relevant at the motion to dismiss stage. *See Universal Leather, LLC v. Koro AR, S.A.*, 773 F.3d 553, 561 (4th Cir. 2014), *cert. denied*, 135 S. Ct. 2860 (2015) (refusing in the context of Rule(12)(b)(2) motion to "address any questions regarding the ultimate admissibility of evidence"); *Citadel Inv. Grp., L.L.C. v. Citadel Cap. Co.*, 699 F. Supp. 2d 303, 308 (D.D.C. 2010) (stating that a plaintiff is not limited to evidence meeting standards of admissibility required for summary judgment motions to establish *prima face* case of personal jurisdiction); *accord Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558, 1562 (Fed. Cir. 1994) (holding in ruling on Rule 12(b)(2) motion hearsay may be considered if it "bears circumstantial indicia of

reliability")[3]; *Microsys Computing, Inc. v. Dynamic Data Sys., LLC*, No. 05 CV 2205, 2006 WL 2225821, at *7 n.7 (N.D. Ohio Aug. 2, 2006) (same); *Sturm, Ruger & Co., Inc. v. Armscor Precision Intern., Inc.*, No. 14 CV 194, 2015 WL 4563005, at *1 (D.N.H. July 28, 2015) (same); *Mitan v. Feeney*, 497 F. Supp. 2d 1113, 1117 n.3 (C.D. Cal. 2007) (same).

There are some courts, however, that have declined to consider hearsay evidence when ruling on a motion to dismiss for lack of personal jurisdiction. *See Beydoun v. Wataniya Rest. Holding, Q.S.C.*, 768 F.3d 499, 506 (6th Cir. 2014) (noting "[i]n general, it is improper for a court to consider hearsay statements when ruling on a motion to dismiss"); *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1278 (11th Cir. 2009) (refusing to consider hearsay evidence to establish personal jurisdiction where evidence was controverted by defendant's affidavit); *Park W. Galleries, Inc. v. Franks*, No. 12 CV 3007, 2012 WL 2367040, at *7 (S.D.N.Y. June 20, 2012) (noting "hearsay evidence submitted by plaintiff is not sufficient to defeat a motion to dismiss for lack of personal jurisdiction"); *Campbell v. Fast Retailing USA, Inc.*, No. 14-6752, 2015 WL 9302847, at *6 (E.D. Penn. Dec. 22, 2015) (stating plaintiff cannot satisfy burden in opposing Rule 12(b)(2) motion "by relying on inadmissible hearsay"); *Xcentric Ventures, LLC v. Bird*, 683 F. Supp. 2d 1068, 1071

---

[3] While *Beverly Hills* is a patent infringement case, courts have expanded its application and found that consideration of hearsay evidence bearing circumstantial indicia of reliability is permitted in other types of cases. *See TVB Holdings (USA), Inc. v. Chau*, No. CV 13-01492, 2014 WL 12580009, at *5 (C.D. Cal. Jan. 27, 2014) (listing Ninth Circuit cases applying *Beverly Hills* to tort cases); *Telecom Asset Mgmt., LLC v. FiberLight, LLC*, No. C 14-00728, 2014 WL 12819935, at *1 n.3 (N.D. Cal. June 12, 2014) (applying *Beverly Hills* to claims in both tort and contract); *see also Microsys Computing*, 2016 WL 2225821, at *7 n.7.

(D. Ariz. 2010) (finding all evidence submitted to demonstrate personal jurisdiction must be admissible evidence). These decisions are consistent with the Overseas Defendants' assertion that Plaintiffs must submit admissible evidence to establish personal jurisdiction.

Having said that, this court does not adopt a strict view of what evidence may be considered at this stage and rejects the proposition that courts evaluating the existence of a *prima facie* showing of personal jurisdiction must exclude potentially inadmissible evidence even if such evidence is competent and reliable. All that is needed at this stage (assuming no evidentiary hearing takes place) is a *prima facie* showing that the Overseas Defendants are subject to personal jurisdiction in this district. *See Purdue*, 338 F.3d at 782. Rule 12(b) does not require a preliminary trial to determine the admissibility of personal jurisdiction evidence. Nevertheless, even if the Overseas Defendants' personal jurisdiction challenge is unsuccessful at the pleading stage, Plaintiffs still bear the burden of ultimately proving at trial the necessary jurisdictional facts by a preponderance of the evidence. *See Rice v. Nova Biomed. Corp.*, 38 F.3d 909, 914-15 (7th Cir. 1994) (noting "the denial of a preliminary challenge to personal jurisdiction . . . is not an automatic bar to renew[al] of the motion after evidence bearing on it has been obtained by pretrial discovery or presented at trial"). But Plaintiffs will be able to gain access to the Overseas Defendants' documents and agents in order to do so.

In opposing the Overseas Defendants' motions to dismiss, Plaintiffs have submitted over 100 pages of exhibits supporting the court's jurisdiction over the

Overseas Defendants. The court groups the exhibits the Overseas Defendants challenge into three categories as follows and addresses each in turn: (1) emails produced by one or more of the Illinois Defendants in discovery (Exhibit Nos. 1-4, 11-13, 15-19, 22, 25, 30-42, 49, and 57-69) ("Emails"); (2) GL Leading's interrogatory answers (Exhibit No. 26) ("Interrogatory Answers"); and (3) webpages (Exhibit Nos. 50, 51, 54, 73, and 74) ("Webpages"). In doing so, this court does not resolve the ultimate issue of personal jurisdiction.

## A.     Emails

As to the Emails, the Overseas Defendants do not contend that they lack authenticity or are otherwise unreliable. They presumably could not make such an argument because the Emails include information showing that they were sent or received by one or more of the Overseas Defendants' own employees. To be sure, these same Emails will likely be produced by the Overseas Defendants if the court allows Plaintiffs to conduct jurisdictional discovery. The court therefore finds that the Emails are sufficiently authenticated and competent to be relied upon at this stage of the case. *See Receivership Mgmt., Inc. v. AEU Holdings, LLC*, No. 18 CV 8167, 2019 WL 4189466, at *8 (N.D. Ill. Sept. 4, 2019) (finding sufficient at Rule 12(b)(2) stage plaintiff's representation in affidavit that emails upon which he relied were produced by the parties); *see also Reid v. Wal-Mart Stores, Inc.*, 274 F. Supp. 3d 817, 821 (N.D. Ill 2017) (same).

All of the Emails include statements that arguably support Plaintiffs' theory of trade secret misappropriation. Employees of the Overseas Defendants drafted

many of the Emails and, therefore, they may constitute admissions of a party opponent and be admissible as non-hearsay under Federal Rule of Evidence 801(d)(2). The Emails may also be considered business records and thus admissible under Rule 803(6). Moreover, the Emails are not hearsay under Rule 801(c) if they are used to contest the credibility of the Overseas Defendants' declarations. Notably, the Overseas Defendants themselves relied on hearsay statements in declarations to dispute these and other statements in the Emails. Many of these statements go to the merits of Plaintiffs' claim rather than the issue of personal jurisdiction over the Overseas Defendants and thus are not relevant at this stage. *Cf. Mold-A-Rama Inc. v. Collector-Concierge-Int'l*, 451 F. Supp. 3d 881, 885 (N.D. Ill. 2020) (noting "summary judgment is an inappropriate vehicle for raising a question concerning the court's personal jurisdiction") (quotations and citation omitted). But because there is no prohibition on the court's consideration of hearsay evidence here, the court may consider all of the Emails—as well as the hearsay portions of the Overseas Defendants' declarations—for the limited purpose of evaluating the existence of a *prima facie* showing of personal jurisdiction.

Finally, the Emails, which were sent and received from late 2017 through mid-2019, are relevant when considering the totality of the Overseas Defendants' contacts with Illinois. *See Mid-America Tablewares, Inc. v. Mogi Trading Co., Ltd.*, 100 F.3d 1353, 1361 (7th Cir. 1996) (finding sustained telephone and email communications over the course of seven months were not "random, fortuitous, or attenuated"). The Overseas Defendants try to explain away the relevance of Emails

sent by Defendant Jen to GuoLi while Jen was employed by Plaintiffs in Illinois by ignoring their receipt. (R. 209, Overseas Defs.' Mot. to Exclude at 2.) They also focus on the timing of certain Emails, arguing for exclusion of all Emails generated prior to the formation of GL Leading. (Id. at 2-4.) But these arguments are unavailing because the entire course of dealings between parties is relevant to the personal jurisdiction analysis. *See Hyatt Intern. Corp. v. Coco*, 302 F.3d 707, 717 (7th Cir. 2002). GuoLi employees' receipt of Jen's allegedly "unsolicited" Emails and subsequent Emails with the same parties discussing the formation of GL Leading in Illinois are therefore relevant to understanding the breadth of the Overseas Defendants' contacts with Illinois. As such, the motion is denied as to the Emails.

**B. Interrogatory Answers**

As for the Interrogatory Answers, these are verified discovery answers served in the course of formal discovery and thus properly authenticated and reliable. Specifically, Plaintiffs point to GL Leading's answer to Interrogatory No. 9 in which GL Leading discloses that in 2018 it provided design input for GuoLi's x-ray tube, GLA2153. (R. 218, Pls.' Resp. at 11.) Even if the court were to find that GL Leading's Interrogatory Answers are hearsay statements, such finding would not preclude the court from considering the Answers at the motion to dismiss stage. *See Purdue*, 338 F.3d at 783.

**C. Webpages**

The Webpages Plaintiffs submitted include copies of corporate intelligent online reports about the Overseas Defendants prepared by "Qixin" (www.qixin.com)

and "TianYanCha" (www.tianyancha.com), as well as printouts of Frias's LinkedIn profile pages. The authentication of Webpages is not a well-settled issue, but courts generally hold that an affidavit or declaration from someone with firsthand knowledge about the process of entering the relevant website and printing the relevant pages, along with the URL, date of visit and printing, or other identifying information, provides the requisite indicia of reliability. *See SEC v. Berrettini*, No. 10 CV 1614, 2015 WL 5159746, at *5-7 (N.D. Ill. Sept. 1, 2015) (discussing cases). Here the Webpages from Qixin and LinkedIn include the information showing where they originated and when they were printed, but the Webpages from TianYanCha do not. Moreover, none of the Webpages is accompanied by an authenticating affidavit or declaration. In any event, this court is unaware of, and Plaintiffs do not draw its attention to, any support for their assertion that an attorney's representation in a response memorandum of law that Webpages are true and accurate copies is equivalent to an affidavit or declaration from an individual with firsthand knowledge explaining the steps taken to print the Webpages and verifying that these exhibits are the actual webpages printed. (See R. 218, Pls.' Resp. at 11.) As such, the motion is denied without prejudice as to the Webpages. If Plaintiffs are able to submit an affidavit or declaration in support of the Webpages, the court may consider such affidavit or declaration.

## Conclusion

For the foregoing reasons, the Overseas Defendants' motion to exclude is denied.

**ENTER:**

**Young B. Kim**
**United States Magistrate Judge**