UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PHILIPS MEDICAL SYSTEMS (CLEVELAND), INC., and PHILIPS MEDICAL SYSTEMS DMC, GmbH<br><br>    Plaintiffs,<br><br>    v.<br><br>JOSE BUAN, GL LEADING TECHNOLOGIES, INC., KUNSHAN YIYUAN MEDICAL TECHNOLOGY CO., LTD., KUNSHAN GUOLI ELECTRONIC TECHNOLOGY CO., LTD., AND SHERMAN JEN,<br><br>    Defendants. | No. 1:19 CV 02648<br>Hon. Marvin E. Aspen |

## MEMORANDUM OPINION & ORDER

MARVIN E. ASPEN, District Judge:

Defendants Kunshan Yiyuan Medical Technology Co., LTD. ("Yiyuan") and Kunshan Guoli Electronic Technology Co., LTD's ("Guoli"; collectively, "Overseas Defendants") have asked us to reconsider the Memorandum Opinion and Order issued by Magistrate Judge Kim on January 11, 2021 ("Opinion" (Dkt. No. 254)) under 28 U.S.C. § 636(b)(1)(A) and Federal Rule of Civil Procedure 72(a). (Motion Pursuant to 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a) to Reconsider Magistrate Judge's Memorandum Opinion and Order Dated January 11, 2021 ("Motion to Reconsider") (Dkt. No. 259).) For the reasons set forth below, we deny the motion.

## BACKGROUND

Plaintiffs Philips Medical Systems (Cleveland), Inc. and Philips Medical Systems DMC, GmbH (collectively, "Philips") sued Overseas Defendants and two others for misappropriation of

Philips' trade secrets. (*See generally* Second Amended Complaint ("SAC") (Dkt. No. 92).) Overseas Defendants moved to dismiss for lack of personal jurisdiction and failure to serve process under Federal Rules of Civil Procedure 12(b)(2), (4), and (5). (Dkt. Nos. 158, 161.) Philips submitted 74 exhibits in opposition to the motion. (*See* Dkt. Nos. 193 Ex. 1-74.) Overseas Defendants then sought to exclude some of those exhibits. (*See* Dkt. No. 209.) We referred the motion to exclude to Magistrate Judge Kim. (Dkt. No. 213.) On January 11, 2021, Magistrate Judge Kim denied the motion in the Opinion at issue here. (*See generally* Opinion.)

## LEGAL STANDARD

I. **28 U.S.C. § 636(b)(1)(A)**

A district court judge "may designate a magistrate judge to hear and determine any pretrial matter pending before the court," with a few exceptions that are not applicable here. 28 U.S.C. § 636(b)(1)(A). Magistrate judges have "extremely broad discretion in controlling discovery" when matters are referred to them for discovery supervision. *Jones v. City of Elkhart*, 737 F.3d 1107, 1115 (7th Cir. 2013). "A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

II. **Federal Rule of Civil Procedure 72(a)**

A district court reviews a magistrate judge's order on a non-dispositive pretrial matter to determine whether the order "'is clearly erroneous or is contrary to law.'" *Bless v. Cook Cty. Sheriff's Office*, 13 C 4271, 2017 WL 1344522, at *1 (N.D. Ill. April 12, 2017) (quoting Fed. R. Civ. P. 72(a)). Applying this standard, a court can overturn the magistrate judge's ruling only if it "is left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 943 (7th Cir. 1997). "Because this standard is deferential to the magistrate judge's decision, an objecting party carries a heavy burden in persuading the Court to

2

modify the magistrate judge's ruling." *Bless*, 2017 WL 1344522, at *1 (internal citations omitted).

## ANALYSIS

Overseas Defendants argue that Magistrate Judge Kim erred in several respects. First, they claim that the conclusion in the Opinion that Plaintiffs may rely on inadmissible evidence in opposition to a motion to dismiss for lack of jurisdiction is contrary to law. (Motion to Reconsider at 5-8.) Second, they argue that Magistrate Judge Kim's ruling that the submission of declarations by Overseas Defendants "opened the door" to Plaintiffs' reliance on hearsay is contrary to law. (*Id*. at 9.) Third, they argue that the Opinion errs as a matter of law by applying the *prima facie* standard for assessing personal jurisdiction because Overseas Defendants have requested an evidentiary hearing. (*Id*. at 9-10.) Fourth, they claim that the Opinion is "clearly erroneous and erred as a matter of law" because it did not analyze each of the challenged emails for admissibility. (*Id*. at 10-14.) Fifth, Overseas Defendants argue that the Opinion erred in finding that GL Leading's responses to Philips' interrogatories could be used as evidence against Overseas Defendants. (*Id*. at 14-15.) Finally, Overseas Defendants argue that the Opinion erred in concluding that Philips could rely upon authenticated webpages in opposition to Overseas Defendants' motions to dismiss. (*Id*. at 15.) We consider each of these arguments in turn.

I. **Reliance on Potentially Inadmissible Evidence**

Overseas Defendants argue that Magistrate Judge Kim erred in rejecting "'the proposition that courts evaluating the existence of a *prima facie* showing of personal jurisdiction must exclude potentially inadmissible evidence even if such evidence is competent and reliable.'" (Motion to Reconsider at 5 (quoting Opinion at 8).) Overseas Defendants point out that where, as here, defendants provide declarations in support of a motion to dismiss for lack of personal

3

jurisdiction, a plaintiff must submit affirmative evidence to support the court's exercise of personal jurisdiction. (*Id*. at 6.) However, Overseas Defendants disagree with Magistrate Judge Kim as to the meaning of the phrase "affirmative evidence." (*Id*. at 5-6.) Specifically, Overseas Defendants believe that the phrase "affirmative evidence" is synonymous with "admissible evidence" because the phrase "affirmative evidence" is often used in conjunction with summary judgment and refers to admissible evidence in that context. (*Id*. at 6.) They add that at least one district court within the Seventh Circuit has concluded that evidence submitted in connection with a motion to dismiss for lack of personal jurisdiction must be admissible and that there is a circuit split on whether a plaintiff may rely on hearsay evidence in opposition to a motion to dismiss for lack of personal jurisdiction. (*Id*. at 7-8.)

Philips disagrees with Overseas Defendants' position, arguing that affirmative evidence is not the same thing as admissible evidence, and courts within the Seventh Circuit routinely consider evidence of the sort provided by Philips when deciding motions to dismiss for lack of personal jurisdiction. (Philips' Opposition to Kunshan Guoli Electronic Technology Co., LTD's and Kunshan Yiyuan Medical Technology Co., LTD.'s Motion to Reconsider Magistrate Judge's Memorandum Opinion and Order Dated January 11, 2021 ("Opposition") (Dkt. No. 264) at 4-8.) Philips adds that it would be inappropriate to apply the same evidentiary standard to both the summary judgment and motion to dismiss stages since more is generally required of parties at the summary judgment stage than the motion to dismiss stage. (*Id*. at 6.) In particular, parties moving for summary judgment must establish that there is no triable issue of fact, whereas courts must accept a plaintiff's allegations as true at the motion to dismiss stage. (*Id*.) Further, Philips points out that the term "affirmative evidence" is used in many contexts, apart from summary

4

judgment and Rule 12(b)(2) motions to dismiss. (*Id*.) In several of these contexts, the term "affirmative evidence" is not synonymous with "admissible evidence." (*Id*. at 6-7.)

In reply, Overseas Defendants dispute Philips' characterization of cases referencing the "affirmative evidence" standard, arguing that for various reasons, the cases cited by Philips do not stand for the proposition that "affirmative evidence" can mean something other than admissible evidence. (Reply Brief of Overseas Defendants in Support of Motion Pursuant to 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a) to Reconsider Magistrate Judge's Memorandum Opinion and Order Dated January 11, 2021) ("Reply") (Dkt. No. 265) at 7-12.)

Based on these arguments, we cannot conclude that Magistrate Judge Kim's ruling was clearly erroneous or contrary to law. We, like Magistrate Judge Kim, have not found any Seventh Circuit cases establishing that evidence must be admissible at this juncture to support a *prima facie* showing of personal jurisdiction. (*See* Opinion at 5.)

In the absence of such case law, Overseas Defendants ask that we infer that "affirmative evidence" is synonymous with "admissible evidence" from existing case law. For example, Overseas Defendants argue that the Seventh Circuit opinion in *Purdue Research Foundation v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773 (7th Cir. 2003), cites favorably to a First Circuit opinion in *U.S. v. Swiss American Bank, Ltd.*, 274 F.3d 610 (1st Cir. 2001). In *Swiss American Bank*, the First Circuit wrote that a *prima facie* showing of personal jurisdiction "must be based upon evidence of specific facts set forth in the record." (Motion to Reconsider at 7 (quoting *Swiss American Bank,* 274 F.3d at 619).) In such circumstances, the district court must accept "properly supported proffers of evidence." (*Id*.) According to Overseas Defendants, "there can be little doubt" that the phrase "properly supported proffers of evidence" is synonymous with admissible evidence. (Motion to Reconsider at 7.) In support of this proposition, they cite to

5

another First Circuit case that applied the "properly supported proffers of evidence" standard and struck hearsay statements from an affidavit. (Motion to Reconsider at 7 (citing *Brookfield Mach., Inc. v. Calbrit Design*, 929 F. Supp. 491, 494, 496 (1st Cir. 1996).)

There are at least a couple of issues with this argument. First, the *Purdue* opinion does not cite *Swiss American Bank* for any of the above-referenced propositions. *See Purdue*, 338 F.3d at 787 (citing *Swiss American Bank* for the proposition that the constitutional requirement for general jurisdiction is more rigorous than for specific jurisdiction); *id*. at 782 n.12 (citing *Swiss American Bank* for the proposition that courts apply the *prima facie* standard on a motion to dismiss for lack of personal jurisdiction when they rule without holding an evidentiary hearing); *id*. at 783 n. 13 (citing *Swiss American Bank* for the proposition that plaintiffs must "make affirmative proof" to make a *prima facie* showing of personal jurisdiction). Nor do Defendants' other citations to district courts within the Seventh Circuit. *See, e.g.*, *Receivership Mgmt., Inc. v. AEU Holdings, LLC*, 2019 WL 4189466, *6 (N.D. Ill. 2019) ("a court considering whether a plaintiff has made a *prima facie* showing of personal jurisdiction must credit any allegations in a plaintiff's complaint that the defendant's evidence does not controvert."); *No Baloney Mkt'g, LLC v. Ryan*, 2010 WL 1286720, at *7 (S.D. Ind. 2010) ("When a defendant moves to dismiss a claim for lack of personal jurisdiction and submits affidavits in support, then the plaintiff "must go beyond the pleadings and submit affirmative evidence supporting the exercise of jurisdiction.") (citing *Purdue*, 228 F.3d at 782); *U.S. v. Gordon*, 158 F. Supp. 207, 211 (N.D. Ill. 1957) (reviewing a local board's decision and providing that it only need be supported by "affirmative evidence" rather than "traditional rules of evidence"). Second, the First Circuit's application of the "properly supported proffers of evidence" standard do not bind us. *See, e.g., Hughes v. Southwest Airlines Co.*, No. 18 C 5315, 2019 WL 1375927, at *3 n.3

6

(N.D. Ill. Mar. 26, 2019) (in the context of a discussion of federal pleading standards, noting that other circuits' interpretations can be persuasive but are not binding).

The rest of the cases that Overseas Defendants cite in support of the proposition that affirmative evidence should be interpreted as synonymous with admissible evidence were summary judgment opinions. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986) ("the plaintiff must present affirmative evidence in order to defeat a properly supported motion for summary judgment"); *Eisenstadt v. Centel Corp.*, 113 F.3d 738, 742 (7th Cir. 1997) (observing that hearsay is generally inadmissible at the summary judgment stage, with certain exceptions); *Chatman v. Board of Education of City of Chicago*, Case No. 1:18-cv-01328, 2020 WL 5110380, at *3 (N.D. Ill. Aug. 31, 2020); *Brim v. Stevens*, 2019 WL 1004467, at *1 (W.D. Wis. 2019) (discussing the evidentiary standard at the summary judgment stage following a hearing); *Reid v. Wal-Mart Stores, Inc.*, 274 F. Supp. 3d 817, 821 (N.D. Ill. 2017). As Philips points out in their Opposition, there are numerous reasons to believe that such cases are inapplicable at this stage, not the least of which is that the burden differs at each stage of the litigation. Accordingly, we cannot conclude that Magistrate Judge Kim committed clear error in this regard either.

## II. Submission of Declarations

Overseas Defendants also argue that it was an error of law for Magistrate Judge Kim to conclude that the Overseas Defendants' submission of declarations in support of the motion to dismiss "opened the door" to Plaintiffs' submission of hearsay. (Motion to Reconsider at 9.) According to Overseas Defendants, this conclusion is contrary to Federal Rule of Evidence 806, which states that a "declarant's credibility may be attacked, and then supported, by any evidence that would be admissible for those purposes if the declarant had testified as a witness." (*Id.* (quoting Fed. R. Evid. 806) (emphasis removed).)

7

Philips claims that this same Rule of Evidence allows for the impeachment of a declarant whose hearsay statements have been admitted in evidence, as is the case here. (Opposition at 9.) According to Philips, the Overseas Defendants have conceded that the declarations they submitted in support of their motions to dismiss are hearsay; and therefore, the declarations are open to impeachment. (*Id*.) Impeachment can occur by, among other things, the use of "'declarant's inconsistent statement[s] or conduct, regardless of when it occurred or whether the declarant had an opportunity to explain or deny it.'" (*Id*. (quoting Fed. R. Evid. 806).)

In reply, Overseas Defendants reiterate the argument raised in their opening brief and quote Federal Rule of Evidence 806 in support of their argument that Philips misapplied the rule, that evidence used to attack a declarant's credibility must be admissible. (Reply at 12-13.)

We hold that Magistrate Judge Kim correctly determined that the exhibits used to question Overseas Defendants' declarants' reliability do not constitute hearsay. Rule 806 allows impeachment of a declarant whose hearsay statements have been admitted into evidence and that is how Magistrate Judge Kim properly ruled.

### III. Application of the *Prima Facie* Standard

Overseas Defendants next argue that Magistrate Judge Kim erred by applying the *prima facie* standard because the Overseas Defendants requested an evidentiary hearing. (Motion to Reconsider at 9.) Overseas Defendants maintain that in such cases, a preponderance of the evidence standard should apply. (*Id*. at 9-10.)

In response, Philips claims that Overseas Defendants misstate the standard for assessing personal jurisdiction in the Seventh Circuit. (Opposition at 9.) Philips argues that it is within the court's discretion to render a decision based on the submission of written materials or an evidentiary hearing. (*Id*.) The court need not conduct an evidentiary hearing, simply because Overseas Defendants demanded it. (*Id*. at 10.) Since the court chose not to conduct an

8

evidentiary hearing in this case, Magistrate Judge Kim correctly applied the *prima facie* standard, as opposed to the preponderance of the evidence standard. (*Id*.) In reply, Overseas Defendants assert that an evidentiary hearing must be held where, as here, material facts are in dispute. (Reply at 13.)

Overseas Defendants are correct that if personal jurisdiction is challenged under Rule 12(b)(2), and there are material facts in dispute, a court must hold an evidentiary hearing to resolve them. *See Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 713 (7th Cir. 2002). However, the Seventh Circuit has also said that "[u]ntil such a hearing takes place, the party asserting personal jurisdiction need only make out a *prima facie* case of personal jurisdiction." *Id*. Since no evidentiary hearing has been held, Magistrate Judge Kim correctly applied the *prima facie* standard to the dispute before him. *See Northern Grain Mktg, LLC v. Greving*, 743 F.3d 487, 491 (7th Cir. 2014); *Tasmburo v. Dworkin*, 601 F.3d 693, 700 (7th Cir. 2010); *Purdue Research Foundation v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003).[1] Further, as Magistrate Judge Kim pointed out, "even if the Overseas Defendants' personal jurisdiction challenge is unsuccessful at the pleading stage, Plaintiffs still bear the burden of ultimately proving at trial the necessary jurisdictional facts by a preponderance of the evidence." (Opinion at 8 (internal citation omitted).) Before that time, Philips will be able to take appropriate discovery from the Overseas Defendants. (*Id*.) Accordingly, Magistrate Judge Kim did not err in apply the *prima facie* standard.

IV. **Analysis of the Challenged Emails**

Overseas Defendants take issue with the following statement in the Opinion: "All of the Emails include statements that arguably support Plaintiffs' theory of trade secret

---

[1] Moreover, the briefs on the motion for reconsideration do not identify what material facts are purportedly in dispute.

misappropriation." (Motion to Reconsider at 10 (quoting Opinion at 9).) According to the Overseas Defendants, this cannot be the case for several reasons. First, certain emails attached as exhibits were received, but not sent, by GuoLi employees. (*Id*. at 10-11, 13-14.) The Overseas Defendants contend that statements made by non-employees cannot be "admissions, statements against interest, or business records of GuoLi, contrary to the conclusions in the Opinion. . . ." (*Id*.) Second, they argue that the issue is not whether the statements support Plaintiffs' theory, but rather, whether the emails are admissible for the purpose for which they are offered. (*Id*.) Third, emails constituting hearsay cannot be considered by the court because they are inadmissible. (*Id*. at 10.) Fourth, the Overseas Defendants argue that the conclusion that all of the emails are relevant to the parties' course of dealings or "to understand the breadth of the Overseas Defendants' contacts with Illinois" is an error of law because the only contacts that are relevant are those relating to Plaintiffs' claims for misappropriation. (*Id*. at 10-12, 14.) Philips argues in response that each of the challenged emails evidence the concerted effort among the Overseas Defendants and the Illinois Defendants to use misappropriated materials.

Magistrate Judge Kim's ultimate holding did not err as a matter of law. More, we agree with his holding on an email specific inquiry. As an initial matter, we note that Magistrate Judge Kim did not err by grouping the exhibits based on their type and addressing challenges based on those groupings. Judges have discretion in crafting their opinions; they need not respond to every argument presented by the parties. Fed. R. Civ. P. 52(a)(3) ("The court is not required to state findings or conclusions when ruling on a motion under Rule 12."); *Rita v. United States*, 551 U.S. 338, 356, 127 S. Ct. 2456, 2468 (2007). A judge's main responsibility is to decide the matter before them; they can choose the extent to which they explain their decision in their opinion. *See Wright v. Sec'y for the Dep't of Corr.*, 278 F.3d 1245, 1255 (11th Cir. 2002);

*Lowder v. Dep't of Homeland Sec.*, 504 F.3d 1378, 1383 (Fed. Cir. 2007); *Westside Prop. Owners v. Schlesinger*, 597 F.2d 1214, 1216 n.3 (9th Cir. 1979). Magistrate Judge Kim broadly yet correctly recognizes how all these emails can be considered as they are business records admissible under Rule 803(6). To the extent that parties sought and did not receive an email-by-email scrutiny, we provide that here. First, the "PX1-PX4" emails are relevant because they are communications from one defendant to GuoLi and/or Yiyuan employees about misappropriated Philips material. Second, the PX13, PX22, PX25, PX30, PX38-PX42, and PX49 emails are also relevant because they reflect on Defendants' efforts to misappropriate Philips' trade secrets.

V.     Use of GL Leading Interrogatory Responses

The Overseas Defendants next contend that the Opinion erred as a matter of law when concluding that GL Leading's interrogatory answers could be used as evidence against GuoLi. (*Id*. at 14-15.) According to the Overseas Defendants, statements may only be offered against the party who made them. (*Id*.) According to Philips, this argument fails for the same reason as other of Overseas Defendants' arguments—namely, because it assumes the wrong evidentiary standard. (Opposition at 14.) Philips need not meet an evidentiary standard suitable at trial or summary judgment at this stage. (*Id*.) Overseas Defendants had no further reply, except to reiterate their disagreement regarding the evidentiary standard to be applied at this stage. (Reply at 17.) But even if we were to apply the heightened evidentiary standard, certain exhibits that Overseas Defendants claim are hearsay might still be reviewable at this stage. The Federal Rules of Evidence allow admission of hearsay statements against co-parties in certain instances, including adoptions or authorizations to speak by a party and statements by a party's agent. Fed. R. Evid. 801(d)(2)(B), (C), (D). Additionally, Plaintiffs might introduce the evidence as the statement of a co-conspirator under Fed. R. Evid. 801(d)(2)(E). The conspiracy exception applies in civil cases, and a *criminal* conspiracy is not needed. *United States v. Coe*, 718 F.2d

11

830, 835 (7th Cir. 1983); McCormick on Evidence § 259 (8th ed. 2020). Accordingly, Magistrate Judge Kim did not make an error of law on this point.

### VI. Reliance on Authenticated Webpages

Overseas Defendants argue that Magistrate Judge Kim's Opinion addresses the authenticity of the webpages but does not address the objections that they lack foundation and are hearsay. (Motion to Reconsider at 15.) According to Overseas Defendants, Philips' declarations did not cure these other deficiencies. (*Id.*) Philips responds that Magistrate Judge Kim's decision is consistent with applicable precedent. (Opposition at 14-15.) For example, in *United States SEC v. Berrettini*, Case No. 10-cv-1614, 2015 WL 5159746, at *6 (N.D. Ill. Sept. 1, 2015), the court observed that "an affidavit or a witness, when viewed in combination with circumstantial indicia of authenticity…would support a reasonable juror in the belief that the documents are what the proponent says they are." (*Id.*) According to Philips, they satisfied this standard by submitting declarations authenticating the webpages submitted in opposition to the motion to dismiss. (Opposition at 15.) In reply, Overseas Defendants repeat the points made in their opening brief and cite two opinions suggesting that courts in this circuit are skeptical of evidence obtained from the Internet. (Reply at 18.)

As discussed above, evidence need not be admissible at this stage. Magistrate Kim did not err by addressing authentication of the webpages and not the additional evidentiary objections raised by Overseas Defendants.

### CONCLUSION

For the above reasons, we deny the Motion to Reconsider. (Dkt. No. 259.)

_____
Honorable Marvin E. Aspen
United States District Judge

Dated: April 19, 2021
      Chicago, Illinois