# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| PHILIPS MEDICAL SYSTEMS (CLEVELAND), INC., and PHILIPS MEDICAL SYSTEMS DMC, GmbH, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 1:19 CV 02648 Hon. Marvin E. Aspen |
| JOSE BUAN, GL LEADING TECHNOLOGIES, INC., KUNSHAN YIYUAN MEDICAL TECHNOLOGY CO., LTD., KUNSHAN GUOLI ELECTRONIC TECHNOLOGY CO., LTD., and SHERMAN JEN, | ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, District Judge:

In this case involving allegations of trade secret misappropriation, Defendants Jose Buan, GL Leading Technologies, Inc., Kunshan Yiyuan Medical Technology, Co., Ltd., Kunshan GuoLi Electronic Technology Co., Ltd., and Sherman Jen have moved to bifurcate proceedings under Federal Rule of Civil Procedure 42(b). (Defendants' Motion for Separate Trials of Liability and Damages ("Motion") (Dkt. Nos. 317, 318).)[1] Specifically, Defendants seek to bifurcate the issue of liability from the issue of damages and to stay all discovery regarding damages. (Id. at 1.) For the reasons set forth below, we deny the motion.

---

[1] For ECF filings, we cite the page number(s) set forth in the document's ECF header unless citing to a particular paragraph or other page designation is more appropriate.

## BACKGROUND

Plaintiffs Philips Medical Systems (Cleveland), Inc. and Philips Medical Systems DMC, GmbH initiated this lawsuit in April 2019 by suing GL Leading Technologies, Inc. and Jose Buan for trade secret misappropriation, unjust enrichment, and breach of contract. (Complaint (Dkt. No. 1).) After conducting some discovery, Plaintiffs amended the Complaint to add Kunshan Yiyuan Medical Technology, Co., Ltd. and Kunshan GuoLi Electronic Technology Co., Ltd. (the "Overseas Defendants") as defendants on November 29, 2019. (First Amended Complaint (Dkt. No. 46).) Plaintiffs later added Sherman Jen as a defendant on March 30, 2020. (Second Amended Complaint (Dkt. No. 92).)

Over the past two years, the parties have briefed numerous motions, including multiple motions to compel interrogatory responses (*see, e.g.*, Dkt. Nos. 41, 69, 157, 179); Overseas Defendants' motions to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(2), (4), and (5) (*see* Dkt. Nos. 158, 161); Overseas Defendants' motion to exclude exhibits attached to Plaintiffs' opposition to Overseas Defendants' Rule 12(b)(2), (4), and (5) motions (*see* Dkt. No. 209); Overseas Defendants' motion to reconsider the Magistrate Judge's order on the motion to exclude exhibits (*see* Dkt. No. 259); Overseas Defendants' motion to dismiss pursuant to the doctrine of *forum non conveniens* or, in the alternative, to stay the case under the *Colorado River* abstention doctrine (Dkt. No. 285); and the instant motion to bifurcate (Dkt. Nos. 317, 318). During this time, the parties have exchanged some discovery (*see, e.g.*, Dkt. No. 273 (discussing discovery that had occurred as of February 25, 2021)), but significant issues remain unresolved (*see, e.g.*, Dkt. No. 323 ("Parties report that there are significant issues with written discovery" as of October 29, 2021)).

**LEGAL STANDARD**

Federal Rule of Civil Procedure 42(b) provides that "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." Fed. R. Civ. P. 42(b). Motions to bifurcate are decided on a case-by-case basis and are left to the court's discretion. *See Est. of Loury by Hudson v. City of Chicago*, Case No. 16-cv-4452, 2020 WL 1491141, at *1 (N.D. Ill. Mar. 27, 2020); *Edge Capture L.L.C. v. Barclays Bank PLC*, Civil Action No. 09 CV 1521, 2011 WL 13272663, at *1 (N.D. Ill. Apr. 21, 2011). A district court may bifurcate a trial so long as bifurcation: (1) promotes judicial economy or is done to avoid prejudice to a party; (2) does not unfairly prejudice the non-moving party; and (3) does not violate the Seventh Amendment. *Chlopek v. Fed. Ins. Co*., 499 F.3d 692, 700 (7th Cir. 2007); *Houseman v. U.S. Aviation Underwriters*, 171 F.3d 1117, 1121 (7th Cir. 1999). The party seeking bifurcation bears the burden of proving that "judicial economy would be served and the balance of potential prejudice weighs in favor of bifurcation." *Trading Techs. Int'l, Inc. v. eSpeed, Inc.*, 431 F. Supp. 2d 834, 837 (N.D. Ill. 2006) (internal citation omitted); *see also BASF Catalysts LLC v. Aristo, Inc.*, Cause No. 2:07-cv-222, 2009 WL 523123, at *2 (N.D. Ind. Mar. 2, 2009). Bifurcation "is the exception, not the rule." *Edge Capture*, 2011 WL 13272663, at *1 (internal citation and quotation marks omitted); *BASF Catalysts*, 2009 WL 523123, at *2; *Real v. Bunn-O-Matic Corp.*, 195 F.R.D. 618, 620 (N.D. Ill. 2000).

**ANALYSIS**

**I. Bifurcation**

Defendants argue that bifurcation would benefit the Court, the parties, and any potential jury. (Motion at 4–10.) According to Defendants, the claims in this case are so numerous and complex that if we do not bifurcate the case, there is a risk that a jury would be confused. (*Id.* at

7–9.)  Additionally, Defendants contend that bifurcation would promote discovery-related economies.  (*Id.* at 6–7.)  Specifically, the parties could begin with liability-related discovery, and after liability is decided, conduct damages-related discovery limited to the claims where liability was found.  (*Id.*)  As a result of this phased approach, Defendants might not have to produce or translate as many documents, and there would be less of a risk of inadvertent disclosure of sensitive financial information.  (*Id.*)  Plaintiffs would not have to "undertake the burden and expense of . . . potentially unneeded damages discovery" either.  (*Id.* at 9.)

In response, Plaintiffs argue that courts in this district have tried patent infringement cases of equal or greater complexity without bifurcation, and we should be able to do so here. (Plaintiffs' Opposition to Defendants' Motion for Separate Trial of Liability and Damages ("Opp'n") (Dkt. Nos. 327, 328) at 6–7.)  They disagree with Defendants about the economies of bifurcation, arguing that bifurcation will likely cause additional delays and expense.  (*Id.* at 9–13.)  As for Defendants' concerns regarding translation and the disclosure of confidential information, Plaintiffs argue that translation services are readily available, and we should not be concerned about the disclosure of confidential information because Defendants are represented by the same counsel and routinely share information with one another as part of their operations. (*Id.* at 14–15.)

We agree that the issues in this case are not so complex as to require bifurcation.  As Plaintiffs note, juries in this district have considered cases of equal or greater complexity.  (*See* Opp'n at 6–7.)  For example, in *Motorola Solutions, Inc. v. Hytera Communications Corp.*, 495 F. Supp. 3d 687 (N.D. Ill. 2020), a jury sat through a three-and-a-half-month-long trial concerning the alleged misappropriation of trade secrets by former Motorola employees who began working for Hytera.  The jury considered "complex technological, factual, and legal

issues," and awarded Motorola damages of more than $760 million. *Id*. at 695. To the extent that juror confusion nonetheless remains a concern, we have other means of dealing with it, such as using "cautionary warnings, limiting instructions, special verdict forms, and other jury instructions." *See BASF Catalysts*, 2009 WL 523123, at *2. Because juries have considered cases like this in the past, and we have tools at our disposal to address juror confusion, we are not convinced that the risk of juror confusion necessitates bifurcation here.

Next, we consider Defendants' efficiency argument. Although there may be some theoretical economies to bifurcating proceedings, we doubt that they will be realized here. Liability and damages cannot be easily compartmentalized. *See Kimberly-Clark Worldwide, Inc. v. First Quality Baby Prods., LLC*, No. 09-C-0916, 2010 WL 3521567, at *1 (E.D. Wis. Sept. 7, 2010); *see also Real*, 195 F.R.D. at 624 (noting that "overlapping issues between the damages and liabilities phases of a trial" weighed against bifurcation). And based on the extensive motion practice that has taken place to date, we expect that bifurcation "would result in more contentiousness in the discovery process, forcing the court to review discovery requests to determine which issue is applicable." *BASF Catalysts*, 2009 WL 523123, at *4; *see also Real*, 195 F.R.D. at 624 (observing that it was "probable" that repeated discovery disputes would arise "over whether requested discovery is related to liability, damages, willfulness, or all these issues" if the court were to bifurcate liability from the issue of damages and willfulness in a patent infringement suit). Indeed, the parties have already begun to dispute whether and to what extent discovery requests seek information related to liability or damages. (*See, e.g.*, Opp'n at 9–11 (highlighting instances in which liability- and damages-related discovery overlap).)

Moreover, if Defendants are found liable on even one count, we will have to conduct multiple rounds of discovery and multiple trials. *See Kimberly-Clark*, 2010 WL 3521567, at *1;

*Real*, 195 F.R.D. at 624 (observing that if liability is found, "two separate trials with two separate juries . . . would not serve judicial economy"). If either side appeals the liability findings, then the damages phase may be delayed. *See Kimberly-Clark*, 2010 WL 3521567, at *1. Given these realities, it is difficult to see how Defendants' proposed approach would "'secure the just, speedy, and inexpensive determination of' this action." *See id.* (quoting *BASF Catalysts*, 2009 WL 523123, at *1). Accordingly, we conclude that bifurcation will not promote judicial economy in this case.

We next turn to Defendants' concerns regarding translation services and the inadvertent disclosure of sensitive information. Both issues can be addressed without bifurcation. As we explained in a prior opinion, translation services are readily available and often used in this District. *See Philips Medical Sys. (Cleveland), Inc. v. Buan*, No. 19-cv-02648, 2021 WL 3187709, at *11 (N.D. Ill. July 28, 2021) (citing *Aon Corp. v. Cabezas*, No. 15-cv-04980, 2018 WL 1184728, at *3 (N.D. Ill. Mar. 7, 2018)). As for the inadvertent disclosure of sensitive information, there is an agreed confidentiality order in this case to address Defendants' confidentiality concerns. (*See* Dkt. No. 31.) The confidentiality order allows Defendants to designate discovery materials that contain various types of sensitive information, including "competitive or financial information that is proprietary, or that [Defendants have] maintained as confidential," as either "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "ATTORNEY EYES ONLY." (*Id.* ¶¶ 2–3.) Discovery materials bearing one of these designations may only be used for this litigation and may only be disclosed to a limited set of individuals. (*See id.* ¶ 5.) Defendants have not explained why this order does not adequately protect their interests. *See Kimberly-Clark*, 2010 WL 3521567, at *2 (concluding that confidentiality concerns would be addressed with protective orders and that "[t]he problems of

6

confidentiality are not likely to be solved by bifurcation"); *BASF Catalysts*, 2009 WL 523123, at *4 (finding unpersuasive Defendant's concern "that damages-related discovery will reveal trade secrets" where there was a protective order in place).

Finally, we consider the potential prejudice to Plaintiffs. We disagree with Defendants that Plaintiffs will suffer "minimal, if any, prejudice as a result of bifurcation" because Plaintiffs are "a major international corporation that can easily absorb the costs of delays and expenses that might be incurred as a result of bifurcation." (Motion at 9–10.) The parties have been litigating this case for more than two years, and discovery is still ongoing. (*See, e.g.,* Dkt. No. 334 (ordering the parties to submit disputes concerning Plaintiffs' discovery requests to the Magistrate Judge on a rolling basis through January 2022).) Plaintiffs have a legitimate interest in the just and speedy resolution of this case, regardless of their resources. As set forth above, these interests will not be served by bifurcation.

In sum, Defendants have not shown that bifurcation would serve judicial economy or that the balance of potential prejudice weighs in favor of bifurcation. Because Defendants have not met their burden, we need not consider whether bifurcation would violate the Seventh Amendment. *See Edge Capture*, 2011 WL 13272663, at *2 (denying a motion to bifurcate, without considering the Seventh Amendment question, where defendants had failed to meet their burden); *BASF*, 2009 WL 523123, at *4 (same). Defendants' request for bifurcation is denied.

## II.    Stay of Discovery

Defendants also argue that we should stay discovery related to damages until liability is decided to avoid costly, voluminous, and potentially unnecessary discovery. (Motion at 11.) Because we decline to bifurcate proceedings, discovery should proceed on all issues without further delay. Defendants' request to stay discovery is also denied.

## CONCLUSION

For the above reasons, we deny Defendants' Motion for Separate Trials of Liability and

Damages (Dkt. Nos. 317, 318).  It is so ordered.


_____
Honorable Marvin E. Aspen
United States District Judge

Dated: November 22, 2021
     Chicago, Illinois