UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PHILIPS MEDICAL SYSTEMS (CLEVELAND), INC. and PHILIPS MEDICAL SYSTEMS DMC, GmbH, <br><br> Plaintiffs, <br><br> v. <br><br> JOSE BUAN, GL LEADING TECHNOLOGIES, INC., KUNSHAN YIYUAN MEDICAL TECHNOLOGY CO., LTD., KUNSHAN GUOLI ELECTRONIC TECHNOLOGY CO., LTD., SHERMAN JEN, and ALLISON HIBBARD, <br><br> Defendants. | No. 19-cv-2648 <br><br> Judge Marvin E. Aspen |

**MEMORANDUM OPINION AND ORDER**

MARVIN E. ASPEN, District Judge:

Third parties Jose Frias and JF Technologies LLC (the "Proposed Intervenors") seek to intervene in this case so they can oppose the motion for a permanent injunction filed by Plaintiffs Philips Medical Systems (Cleveland), Inc. and Philips Medical Systems DMC, GmbH. (Third Parties Jose Frias's and JF Technologies LLC's Motion to Intervene for the Purpose of Filing an Opposition to Plaintiffs' Motion for Permanent Injunction ("Mot.") (Dkt. No. 438).)[1] For the following reasons, we deny the motion.

**BACKGROUND**

In April 2019, Plaintiffs brought this lawsuit against Jose Buan and GL Leading Technologies, Inc., asserting claims for trade secret misappropriation, breach of contract, and

---

[1] For ECF filings, we cite to the page number(s) set forth in the document's ECF header unless citing to a particular paragraph or other page designation is more appropriate.

unjust enrichment in connection with the development and production of X-ray tubes. (*See generally* Dkt. No. 1.) Seven months later, Plaintiffs added two Chinese entities as defendants—Kunshan Yiyuan Medical Technology Co. ("Yiyuan") and Kunshan GuoLi Electronic Technology Co., Ltd. ("GuoLi") (collectively, the "Kunshan Defendants")—and alleged that they too had misappropriated trade secrets and been unjustly enriched. (*See generally* Dkt. No. 46.)

The Kunshan Defendants twice moved to dismiss Plaintiffs' claims against them, but we denied both motions and allowed Plaintiffs' claims against the Kunshan Defendants to proceed. (*See* Dkt. Nos. 158, 161, 282, 285, 303.) During discovery, the Kunshan Defendants refused to produce documents they had agreed to produce, as well as documents the magistrate judge had ordered them to produce. (Dkt. No. 416 at 1.) On May 10, 2022, the magistrate judge recommended that we sanction the Kunshan Defendants for their discovery noncompliance by entering a default judgment against them. (*Id.*) We adopted the magistrate judge's recommendation and entered default judgment against the Kunshan Defendants on May 26, 2022. (Dkt. No. 419.) By this time, it was also clear that the Kunshan Defendants did not intend to participate in the litigation anymore; the Kunshan Defendants had instructed their counsel to stop working on the case and further indicated that they did not intend to find substitute counsel. (*See* Dkt. No. 410 at 2; Dkt. No. 420.)

On June 29, 2022, Plaintiffs moved for a permanent injunction and an award of attorneys' fees against the Kunshan Defendants. (Dkt. No. 426.) As part of their motion, Plaintiffs seek to "enjoin the Kunshan Defendants from doing *any* business of *any* kind in the United States." (*Id.* at 5 (emphases added).) Defendants GL Leading Technologies, Jose Buan, and Sherman Jen have objected to Plaintiffs' motion. (Dkt. No. 446.)

Meanwhile, Plaintiffs served Frias with a subpoena in late April or early May 2022. (Declaration of Peter C. McMahon in Support of Proposed Intervenors' Motion to Intervene ("McMahon Decl.") (Dkt. No. 438-2) ¶ 2; Philips's Opposition to Third Parties Jose Frias's and JF Technologies LLC's Motion to Intervene for the Purpose of Filing an Opposition to Philips's Motion for Permanent Injunction ("Opp'n") (Dkt. No. 455) at 5 n.3.) Counsel for Plaintiffs and Frias subsequently met and conferred regarding Frias's compliance with the subpoena. (McMahon Decl. ¶ 3.) According to Frias's counsel, the "meet and confer efforts were always cordial," but on July 14, 2022, he received an email from Plaintiffs' counsel that he "perceived as somewhat hostile." (*Id.*) The perceived change in tone made Frias's counsel "start wondering what was going on in the underlying case," and on July 18, 2022, he reviewed the case's progress on PACER. (*Id.* ¶ 4.) There he saw Plaintiffs' motion for a permanent injunction and their request to enjoin GuoLi from doing any business of any kind in the United States. (*Id.*) Frias's counsel became concerned because Frias's company, JF Technologies LLC, did business with GuoLi, and he began researching how to intervene in this case. (*Id.* ¶¶ 1, 4, 5.) The Proposed Intervenors filed their motion to intervene four days later, on July 22, 2022.

## LEGAL STANDARD

Federal Rule of Civil Procedure 24 governs a third party's request to intervene in an ongoing district court litigation. "There are two types of intervention: intervention as of right under Rule 24(a) and permissive intervention under Rule 24(b)." *Belk v. Mayor of Belleville*, No. 21-cv-1253-NJR, 2022 WL 1406390, at *3 (S.D. Ill. May 4, 2022). A party seeking either type of intervention must "state the grounds for intervention" in its motion and submit "a pleading that sets out the claim or defense for which intervention is sought." Fed. R. Civ. P. 24(c).

3

## ANALYSIS

The Proposed Intervenors seek to intervene in this litigation for the limited purpose of filing an opposition to Plaintiffs' motion for a permanent injunction. (Third Parties Jose Frias's and JF Technologies LLC's (Proposed Third Party Intervenors') Memorandum in Support of Motion to Intervene for the Purpose of Filing an Opposition to Plaintiffs' Motion for Permanent Injunction ("Mem.") (Dkt. No. 438-1) at 2–3.) They seek intervention as of right under Rule 24(a) and, in the alternative, permissive intervention under Rule 24(b). (*Id.* at 3.) As discussed below, both types of intervention are unwarranted.[2]

### I. INTERVENTION AS OF RIGHT

The Proposed Intervenors first argue that they are entitled to intervention as a matter of right under Rule 24(a)(2). (*Id.* at 3–6.) Under this rule, we must allow intervention if four requirements are met: (1) the proposed intervenor's motion is timely; (2) the proposed intervenor has "an interest relating to the property or transaction that is the subject of the action"; (3) the proposed intervenor's interest may, as a practical matter, be impaired or impeded by disposition of the case; and (4) no existing parties adequately represent that interest. Fed. R. Civ. P. 24(a)(2); *Planned Parenthood of Wis., Inc. v. Kaul*, 942 F.3d 793, 797 (7th Cir. 2019). "The proposed intervenor has the burden of establishing all four elements; the lack of even one element requires that the court deny the motion." *Planned Parenthood*, 942 F.3d at 797.

Plaintiffs contend that the Proposed Intervenors satisfy none of these four elements. (Opp'n at 7–15.) Because we agree that the Proposed Intervenors have not shown the necessary interest for intervention as of right, we start and end our analysis with that element.

---

[2] Because intervention is not warranted under either Rule 24(a) or Rule 24(b), we need not address Plaintiffs' contention that the Proposed Intervenors also failed to comply with Rule 24(c). (*See* Opp'n at 17.)

To intervene as of right under Rule 24(a)(2), a proposed intervenor must have "an interest relating to the property or transaction that is the subject of the action." Fed. R. Civ. 24(a)(2). This interest must be "a direct, significant, and legally protectable interest in the question at issue in the lawsuit." *Wis. Educ. Ass'n Council v. Walker (WEAC)*, 705 F.3d 640, 658 (7th Cir. 2013) (alteration and quotation marks omitted). The interest must also be "one on which an independent federal suit could be based, consistent with Article III's requirement that only a case or controversy can be litigated in a federal court at any stage of the proceeding." *Aurora Loan Servs., Inc. v. Craddieth*, 442 F.3d 1018, 1022 (7th Cir. 2006). In other words, "[a] party without standing cannot intervene as of right." *Planned Parenthood*, 942 F.3d at 798.

The Proposed Intervenors contend that they have the requisite interest for intervention as of right because Plaintiffs' proposed injunction would severely harm their business interests. (Mem. at 3–4.) They claim that prohibiting GuoLi from doing any business in the United States would cripple their business, as 70 percent of their business in 2021 related to GuoLi. (*Id.* at 5; Third Parties Jose Frias's and JF Technologies LLC's (Proposed Third Party Intervenors') Reply to Plaintiffs' Opposition to Motion to Intervene for the Purpose of Filing an Opposition to Plaintiffs' Motion for Permanent Injunction ("Reply") (Dkt. No. 462) at 5; Declaration of Jose Frias in Support of the Proposed Intervenors' Reply (Dkt. No. 462-1) ¶ 12.)

Although we do not doubt the Proposed Intervenors' interest in their continued ability to do business with GuoLi, they have not shown that this interest provides a basis for intervention as of right. The Proposed Intervenors do not explain how their business interests are "legally protectable." *WEAC*, 705 F.3d at 658. Nor do the Proposed Intervenors explain how these interests provide the grounds for an "independent federal suit" that they have standing to bring. *See Planned Parenthood*, 942 F.3d at 798; *Aurora Loan Servs.*, 442 F.3d at 1022. The Proposed

5

Intervenors' interest is merely an economic interest that might be indirectly affected by an injunction imposed on other parties. This is not sufficient to warrant intervention under Rule 24(a)(2). *See Thompson v. United States*, 268 F.R.D. 319, 322 (N.D. Ill. 2010) (a purely practical economic interest "does not satisfy Rule 24(a)"); 6 James Wm. Moore et al., *Moore's Federal Practice* § 24.03[2][b] (3d ed. 2022) ("A claim based only on an indirect economic effect is rarely considered the same as a protectable right or interest sufficient to justify intervention."); *see also Sokaogon Chippewa Cmty. v. Babbitt*, 214 F.3d 941, 946–47 (7th Cir. 2000) (the proposed intervenor's desire to not become less profitable as a result of the ongoing litigation did "not resemble any [interest] that the law normally protects"). Because the Proposed Intervenors have not shown the requisite interest under Rule 24(a)(2), we deny their motion for intervention as of right. *See Planned Parenthood*, 942 F.3d at 797.

## II. PERMISSIVE INTERVENTION

Alternatively, the Proposed Intervenors contend that we should permit them to intervene under Rule 24(b)(1)(B). (Mem. at 6–7.) A district court may permit a third party to intervene under this rule if (1) the party timely moves for intervention; (2) the party "has a claim or defense that shares with the main action a common question of law or fact"; and (3) the court has independent jurisdiction over the third party's claim or defense. Fed. R. Civ. P. 24(b)(1)(B); *Ligas ex rel. Foster v. Maram*, 478 F.3d 771, 775 (7th Cir. 2007); *U.S. EEOC v. Ill. Dep't of Emp. Sec.*, 6 F. Supp. 2d 784, 789 (N.D. Ill. 1998). The proposed intervenor bears the burden of establishing the requisite elements for permissive intervention. *See Sec. Ins. Co. of Hartford v. Schipporeit, Inc.*, 69 F.3d 1377, 1381 (7th Cir. 1995); *Wei v. Rocky Point Int'l LLC*, No. 16-CV-1282-JPS, 2017 WL 74263, at *3 (E.D. Wis. Jan. 6, 2017).

The Proposed Intervenors have not met their burden. First and foremost, the Proposed Intervenors do not identify a claim or defense that they seek to assert in the ongoing litigation.

6

Although the Proposed Intervenors want to oppose the scope of Plaintiffs' requested injunction, this opposition is neither a claim nor a defense against any of the parties in the litigation. The Proposed Intervenors' failure to identify a claim or defense they seek to assert in the litigation forecloses intervention under Rule 24(b). *See Gen. Ins. Co. of Am. v. Clark Mali Corp.*, No. 08 C 2787, 2010 WL 807433, at *8 (N.D. Ill. Mar. 10, 2010) (the proposed intervenor's failure to identify its claim made it impossible to tell whether it met the "claim or defense" requirement).

Moreover, even if we treat the Proposed Intervenors' disagreement with the requested injunction as a "claim or defense" under Rule 24(b)(1)(B), the Proposed Intervenors make no attempt to show that it shares a common question of law or fact with the underlying litigation. In fact, the Proposed Intervenors repeatedly emphasize the *lack* of commonality between their business and the products and issues in this case. (*E.g.*, Mem. at 3, 5, 6; Reply at 3.) Nor do the Proposed Intervenors explain how we have independent jurisdiction over their challenge to Plaintiffs' requested injunction. On the latter point, the Proposed Intervenors point out that we have jurisdiction over the underlying litigation between Plaintiffs and the various defendants. (Mem. at 7.) But the relevant question is whether we have independent jurisdiction over the Proposed Intervenors' challenge, see *U.S. EEOC*, 6 F. Supp. 2d at 789, and the Proposed Intervenors do not answer that question. Thus, permissive intervention is unwarranted.

The Proposed Intervenors' arguments do not convince us otherwise. The Proposed Intervenors first contend that their request to intervene is analogous to a third party's request to intervene for the purpose of contesting a protective order. (Mem. at 6.) The Seventh Circuit has held that Rule 24(b)(1)(B)'s language is "broad enough to encompass a third-party challenge to a protective order even though" the third party's interest "is not really a 'claim or defense.'" *Bond v. Utreras*, 585 F.3d 1061, 1070 (7th Cir. 2009). In that scenario, however, the third party's

interest comes from "the public's well-established right of access to public proceedings"—a right that has "roots in both common law traditions and the First Amendment." *Jessup v. Luther*, 227 F.3d 993, 997 (7th Cir. 2000). We do not think that every third party that might be impacted by the relief sought in a district court litigation has a similar common-law or constitutional right to challenge the requested relief, and the Proposed Intervenors do not direct us to any legal authority that supports such a proposition. A third party's ability to intervene and contest a protective order therefore does nothing to help the Proposed Intervenors.

The Proposed Intervenors also stress the discretionary nature of permitting intervention under Rule 24(b). (Reply at 6–7.) But this discretion comes into play only if the proposed intervenor first identifies (1) a claim or defense that (2) shares a common question of law or fact with the litigation and (3) over which we have independent jurisdiction. *See* Fed. R. Civ. P. 24(b)(1)(B); *Sec. Ins. Co. of Hartford*, 69 F.3d at 1381. The Proposed Intervenors have not made this threshold identification, so the otherwise discretionary nature of permissive intervention does not aid the Proposed Intervenors either.

## CONCLUSION

For the foregoing reasons, we deny the Proposed Intervenors' motion to intervene (Dkt. No. 438). It is so ordered.

_____
Honorable Marvin E. Aspen
United States District Judge

Dated: November 2, 2022