IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PHILIPS MEDICAL SYSTEMS (CLEVELAND), INC. and PHILIPS MEDICAL SYSTEMS DMC, GmbH, <br><br> Plaintiffs, <br><br> v. <br><br> JOSE BUAN, GL LEADING TECHNOLOGIES, INC., KUNSHAN YIYUAN MEDICAL TECHNOLOGY CO., LTD., KUNSHAN GUOLI ELECTRONIC TECHNOLOGY CO., LTD., SHERMAN JEN, and ALLISON HIBBARD, <br><br> Defendants. | No. 19 CV 2648 <br><br> Judge Marvin E. Aspen |

**MEMORANDUM OPINION AND ORDER**

MARVIN E. ASPEN, District Judge:

Before us is the motion of Plaintiffs Philips Medical Systems (Cleveland), Inc. and Philips Medical Systems DMC, GmbH for entry of final judgment pursuant to Federal Rule of Civil Procedure 54(b) against Defendants Kunshan Yiyuan Medical Technology Co., Ltd. ("Yiyuan"), Kunshan GuoLi Electronic Technology Co., Ltd. ("GuoLi"), and GL Leading Technologies, Inc. ("GL Leading"). For the reasons explained below, we deny the motion.

**BACKGROUND**

On May 26, 2022, we adopted Magistrate Judge Kim's Report and Recommendation recommending that we enter a default judgment in favor of Plaintiffs and against Yiyuan and GuoLi (collectively, the "Kunshan Defendants") as to liability on Plaintiffs' trade-secret misappropriation and unjust enrichment claims as a sanction for their refusal to obey judicial orders, (Dkt. No. 416), and we entered that default judgment, (Dkt. No. 419). On February 13,

2023, we entered default judgment in favor of Plaintiffs and against GL Leading as to liability on Plaintiffs' trade-secret misappropriation and unjust enrichment claims. (Dkt. No. 504.)

We issued a Permanent Injunction Order against the Kunshan Defendants on February 9, 2023, (Dkt. No. 503), and against GL Leading on July 13, 2023, (Dkt. No. 521). Those orders permanently restrain the Kunshan Defendants and GL Leading from using, accessing, disclosing, and distributing Plaintiffs' trade secrets. We awarded Plaintiffs $2,486,408.17 in attorneys' fees on their claims against the Kunshan Defendants, (Dkt. No. 520), and $1,892,979.15 in attorneys' fees on their claims against GL Leading, (Dkt. No. 629). We have also held the Kunshan Defendants in contempt of court for their violation of the Permanent Injunction Orders. (Dkt. Nos. 527, 630.)

Yiyuan and GL Leading have filed nothing in this action since their attorneys moved to withdraw in, respectively, March 2022 and December 2022. As for GuoLi, it took no substantive action in the case for over fourteen months after the default judgment against it was entered but began participating again in August 2023, after we issued our Memorandum Opinion and Order awarding Plaintiffs attorneys' fees on their claims against the Kunshan Defendants and concluding that civil contempt sanctions for the Kunshan Defendants' conduct were appropriate.

Plaintiffs have also sued three individual defendants, Jose Buan, Sherman Jen, and Allison Hibbard, as to whom the proceeding is stayed due to a related federal criminal investigation. We have extended the stay until the earlier of November 10, 2024, or the issuance of any indictments pertaining to the investigation. (Dkt. No. 675.)

Plaintiffs now seek entry of final judgment against the Kunshan Defendants and GL Leading pursuant to Rule 54(b).

ANALYSIS

Under Rule 54(b), when multiple parties or claims are involved (as here), "the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." *Domanus v. Locke Lord LLP*, 847 F.3d 469, 477 (7th Cir. 2017); *Mwangangi v. Nielsen*, 48 F.4th 816, 822 (7th Cir. 2022) (Rule 54(b) permits entry of a partial final judgment only when all of one party's claims or rights have been "fully adjudicated," or when a distinct claim has been "fully resolved" with respect to all parties); *Marseilles Hydro Power, LLC v. Marseilles Land & Water Co.*, 518 F.3d 459, 463 (7th Cir. 2008) (Rule 54(b) "authorizes certification when everything having to do with a particular party is wrapped up. If any loose ends remain with one or the other company, certification is still appropriate if certain claims have finally been resolved."). "Otherwise, the partial resolution of the case must await a true final judgment—one that resolves all claims of all parties." *Domanus*, 847 F.3d at 477 (emphases omitted). "A proper Rule 54(b) order requires the district court to make two determinations: (1) that the order in question was truly a 'final judgment,' and (2) that there is no just reason to delay the appeal of the claim that was 'finally' decided." *Gen. Ins. Co. of Am. v. Clark Mall Corp.*, 644 F.3d 375, 379 (7th Cir. 2011). These requirements help courts to avoid piecemeal appeals, which "tend to undermine judicial efficiency." *Rankins v. Sys. Sols. of Ky., LLC*, 40 F.4th 589, 592 (7th Cir. 2022).

Plaintiffs first argue that our default judgments and awards of attorneys' fees in their favor and against GL Leading and the Kunshan Defendants are final judgments because "everything having to do with [those Defendants'] liability is 'wrapped up.'" (Pls.' Mot. Entry Final J. (Dkt. No. 652) at 10-11.) This framing of the issue is inventive, but it sidesteps the proper focus of the finality inquiry: have *all of one party's claims or rights* been fully adjudicated, or has a *distinct*

3

*claim* been fully resolved with respect to all parties? *See Mwangangi*, 48 F.4th at 822. Neither option is satisfied. The default judgments on liability and the fee awards do not fully dispose of any claims or rights. As Plaintiffs acknowledge, a "remaining issue" with respect to GL Leading and the Kunshan Defendants is "an assessment of damages." (Pls.' Mot. Entry Final J. at 12.) This assessment will be no ministerial task. Plaintiffs have made a jury demand and stated that they anticipate a "trial on damages" and then intend to seek costs associated with such a trial. (Pls.' Mot. Accounting of Fees Against Kunshan Defs. (Dkt. No. 490) at 1 n.1.)

In their reply brief, Plaintiffs contend that the remaining damages issue is a "strawman." (Pls.' Reply (Dkt. No. 661) at 2 (emphasis omitted).) We disagree. Plaintiffs primarily rely on *In re Uranium Antitrust Litigation*, 473 F. Supp. 382 (N.D. Ill. 1979), in which the district court granted plaintiff's motion for entry of final default judgments as to liability against nine of the twenty-nine defendants, as well as the Court of Appeals' holding that the district court did not abuse its discretion in so doing, 617 F.2d 1248 (7th Cir. 1980). Neither decision, however, confronted the first portion of the analysis that we subsequently have been instructed to employ—determining whether the order as to which a party seeks Rule 54(b) certification is "*truly* a final judgment." *See Clark Mall Corp.*, 644 F.3d at 379 (emphasis added and internal punctuation omitted); *Rankins*, 40 F.4th at 592. And the *Uranium* decisions preceded the Supreme Court's articulation in *Curtiss-Wright Corp. v. General Electric Co.*, 446 U.S. 1, 7 (1980), of the Rule 54(b) finality test: "A district court must first determine that it is dealing with a 'final judgment.' It must be a 'judgment' in the sense that it is a decision upon a cognizable claim for relief, and it must be 'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" The default judgments as to the Kunshan Defendants and GL Leading's liability on Plaintiffs' trade secret claims (and the fee awards) are not the "ultimate

dispositions" on those claims because damages, which Plaintiffs seek, are yet to be resolved. Therefore, the first requirement for entering a Rule 54(b) judgment is not satisfied, and we need not look further to deny Plaintiffs' motion. *See Kerr-McGee Chem. Corp. v. Lefton Iron & Metal Co.*, 570 F.3d 856, 857 (7th Cir. 2009) ("Rule 54(b) does not permit a district court to send issues of liability to the court of appeals while the amount of damages remains unresolved. . . . That a judgment "looks final" does not *make* it final and appealable, if the district judge plans to take up additional issues.") (citing, *inter alia*, *Lib. Mut. Ins. Co. v. Wetzel*, 424 U.S. 737 (1976)); *Frontier Ins. Co. in Rehab. v. Hitchcock*, 406 F. App'x 78, 81 (7th Cir. 2011); *Horn v. Transcon Lines, Inc.*, 898 F.2d 589, 591 (7th Cir. 1990) (although Rule 54(b) "lets the court make final a judgment covering fewer than all of the claims and parties, it does not allow a court to dispense with other essential ingredients of judgments").

## CONCLUSION

Plaintiffs' motion for entry of final judgment pursuant to Federal Rule of Civil Procedure 54(b) against the Kunshan Defendants and GL Leading [652] is denied. It is so ordered.

_____
Marvin E. Aspen
United States District Judge

Date: July 2, 2024